**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| Michael J. Nugent,<br><br>Plaintiff,<br><br>v.<br><br>Fortress Flooring, Inc. and<br>Edward D. Lunsford,<br><br>Defendants. | Case No. 1:26-cv-3734<br>Judge Robert W. Gettleman<br>Magistrate Judge Beth W. Jantz |

**Defendants' Motion to Vacate Default Judgment for Insufficient Service of Process**

*Introduction*

Defendant Edward D. Lunsford moves to vacate the default entered for lack of proper service of process and resulting lack of personal jurisdiction. Relief is sought under Federal Rules of Civil Procedure 55(c) and 60(b)(4). Because Plaintiff did not effect service in compliance with Rule 4, the default is void and must be vacated.

**Background**

Plaintiff filed a collective action complaint on April 3, 2026, alleging violations of the Fair Labor Standards Act and the Illinois Minimum Wage Law against Fortress Flooring, Inc. and Edward D. Lunsford.

The filed return of service for Mr. Lunsford states that on May 5, 2026, a special process server delivered the summons and complaint to "Janessa Dube, wife of Edward Lunsford," at 18920 S. Leila Drive, Mokena, Illinois.

On June 3, 2026, the Court entered an order of default against both defendants. On June 4, 2026, Plaintiff filed a certificate of service stating that notice of the default order was mailed to Mr. Lunsford at 18920 S. Leila Drive, Mokena, Illinois.

## Grounds for Vacatur

### A. The default is void for lack of proper service and personal jurisdiction.

A default judgment entered without proper service is void and must be set aside as a matter of law under Rule 60(b)(4). The plaintiff bears the burden to prove valid service when challenged. Service on an individual must comply with Rule 4(e), including personal delivery, delivery at the individual's dwelling or usual place of abode to a person of suitable age and discretion who resides there, or service consistent with applicable state law.

Here, the process server's return asserts substituted service at 18920 S. Leila Drive on "Janessa Dube, wife of Edward Lunsford." But the record contains the following material defects:

The summons issued to Mr. Lunsford lists his address as 9700 W. 197th Street #101, Mokena, Illinois 60448, not 18920 S. Leila Drive.

A sworn statement from Janessa Dube avers that she was not served, that she is a 5'10" African American female, and that on the "day in question" a Caucasian woman asked a minor child if her "dad was home" and then threw paperwork onto the garage floor as the door was closing, with no hand-to-hand delivery to an adult resident.

The same sworn statement identifies the location of the thrown paperwork as 18920 Leila Drive, Mokena, Illinois 60448, and states that Mr. Lunsford "was not present in or around the home."

These facts negate essential elements of abode service: delivery must be made to a resident of the defendant's dwelling or usual place of abode, and to a person of suitable age and discretion then residing therein. The process server's description that the person served was a "white female, 30's, long brown hair and wearing glasses" conflicts with Ms. Dube's sworn identification of herself, further undermining the claim that service was effected on a proper resident adult. The record also reflects that the address targeted for substituted service was different from the address listed for Mr. Lunsford on the summons.

Because service was not accomplished in accordance with Rule 4(e) or Illinois law, the Court lacked personal jurisdiction over Mr. Lunsford, rendering the default void and requiring vacatur under Rule 60(b)(4).

**B. Good cause exists to set aside the entry of default under Rule 55(c).**

Even if the default were not void, the Court should set it aside for good cause considering prompt action, lack of prejudice, and a meritorious defense. Defendants moved promptly upon learning of the default order; Plaintiff shows no prejudice beyond ordinary delay; and Defendants have meritorious defenses to liability and damages in the underlying wage claims, which they will assert in their responsive pleading.

## Conclusion

Because Plaintiff did not properly serve Mr. Lunsford or Fortress Flooring, the Court lacked personal jurisdiction, and the default is void. The Court should vacate the default under Rule 60(b)(4), or alternatively set it aside for good cause under Rule 55(c), quash service, and allow proper service within a set period.

## Requested Relief

Defendants respectfully requests that the Court:

1. Vacate the default entered against them as void for lack of proper service under Rule 60(b)(4).
2. In the alternative, set aside the entry of default for good cause under Rule 55(c).
3. Quash any purported service on Mr. Lunsford and allow Plaintiff 30 days to effect service in compliance with Rule 4.
4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted on July 29, 2026

*/s/ John M. Liston*

John M. Liston

Liston Legal Group
5901 W. Dempster Street, Suite 200
Morton Grove, IL 60053
**john@listonlegal.com**
847-528-5024

# Proposed Order

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| Michael J. Nugent,<br><br>Plaintiff,<br><br>v.<br><br>Fortress Flooring, Inc. and<br>Edward D. Lunsford,<br><br>Defendants. | Case No. 1:26-cv-3734<br>Judge Robert W. Gettleman<br>Magistrate Judge Beth W. Jantz |

**ORDER**

Upon consideration of Defendant Edward D. Lunsford's Motion to Vacate Default Judgment for Insufficient Service of Process, the supporting materials, the record, and good cause shown, it is ORDERED:

1. The entry of default is VACATED pursuant to Fed. R. Civ. P. 60(b)(4) for lack of proper service.
2. In the alternative, and independently, the entry of default is SET ASIDE for good cause under Fed. R. Civ. P. 55(c).
3. The purported service of process on Defendant Lunsford is QUASHED.
4. Plaintiff shall have 30 days from the date of this Order to effect service on Defendant Lunsford in compliance with Fed. R. Civ. P. 4.
5. The clerk shall reset any deadlines as appropriate.

SO ORDERED.

Dated:

Hon. Robert W. Gettleman United States District Judge

**Certificate of Service**

I certify that on July 29, 2026, I filed the foregoing via the Court's CM/ECF system, which will send notice to registered counsel of record.

*/s/ John M. Liston*

John M. Liston