IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. NUGENT, | ) | |
| | ) | No. 26 C 3734 |
| Plaintiff, | ) | |
| | ) | Judge Robert W. Gettleman |
| v. | ) | |
| | ) | |
| FORTRESS FLOORING, INC. and | ) | |
| EDWARD D. LUNSFORD, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael J. Nugent, on behalf of himself and others similarly situated, brought a two-count complaint under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and the Illinois Minimum Wage Law, 820 ILCS § 105/1, et seq., alleging that defendants failed to pay flooring and tile installers the overtime wages required by law. Defendants failed to answer the complaint. This court entered an order of final judgment against defendants on July 3, 2026 (Doc. 14). Defendants move to vacate the order of final judgment (Doc. 20). For the reasons below, the motion is denied.

**DISCSUSSSION**

**Irregularities in Defendants' Filings**

Before addressing the merits of the motion to vacate, the court must discuss some irregularities in defendants' filings. First, the motion was improperly filed on CM/ECF as a "MOTION to Vacate, Set Aside or Correct Sentence (2255)." That label is for motions to vacate, set aside or correct the sentences of convicted criminal defendants, not for motions to

vacate final judgments in civil cases. It is a rather trivial error, but the court raises it because it is one of many irregularities.

Second, the file names of defendants' briefs strongly suggest that they were written by artificial intelligence ("AI"), specifically Westlaw's internal artificial-intelligence platform, "CoCounsel." Both the motion and the reply bear the file name "CoCounsel Skill Results." This file name is an exact match for the file name at issue in a recent case in the Sixth Circuit where counsel was reprimanded for filing unverified AI generated documents, United States v. Farris, 171 F.4th 920 (6th Cir. 2026). In Farris, the Sixth Circuit wrote that:

> Upon our initial review of the case, we began to suspect that [counsel's] briefs were generated, at least in part, by artificial-intelligence software. The first tell was the file name of the principal brief: "CoCounsel Skill Results." CoCounsel is the name of Westlaw's internal artificial-intelligence platform. *See Thomson Reuters Launches CoCounsel Legal: Transforming Legal Work with Agentic AI and Deep Research*, Thomson Reuters (Aug. 5, 2025), https://perma.cc/ZU4ASWK6. From our vantage point, that file-name abnormality suggested that [counsel's] brief might have derived not from [counsel's] independent work, but directly from artificial-intelligence software.

The court in Farris went on to find that counsel's briefs contained three AI-hallucinated quotations. Based on those discoveries, the Sixth Circuit directed the clerk to issue a show-cause order requiring counsel to provide an explanation. Farris, 171 F.4th at 921–22. Thankfully, unlike in Farris, defendants' briefs here do not include any incorrect case citations.

But this brings the court to a third irregularity: defendants' two briefs do not cite a single

case between them. For a dispositive motion that purports to debate points of law, this is odd. Because the court can decide this motion on the merits, it will do so without resorting to the doctrine of waiver. See United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir. 1991) (explaining that "[w]e repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").

Taken together, these irregularities suggest that defendants' counsel may not have done the work expected of them. Rule 11 provides that an attorney presenting a pleading to the court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that certain conditions are satisfied, including that "the claims, defenses, and other legal contentions are warranted by existing law." The irregularities here suggest that counsel submitted unreviewed or hastily reviewed AI-generated work. The court will take no further action on these irregularities, and the court trusts that counsel will continue to fulfill their legal and ethical obligations in the future. [JA note: Alternatively, you could take further action and make them answer for the shoddy work, like the Sixth Circuit did.]

**Merits**

Having addressed the irregularities in defendants' filings, the court turns to the merits of the motion to vacate the final order of default judgment. Defendants move to vacate the final judgment order against Lunsford because proper service was not effectuated, and thus the court lacked personal jurisdiction over him. The court notes at the outset that there is no argument that the final judgment order should be vacated as to Fortress Flooring Inc. Service was properly made upon Fortress Flooring's registered agent (who also happens to be Lunsford's mother) on

April 8, 2026. Fortress Flooring failed to participate in the case and the court subsequently entered a final judgment order against it on July 3, 2026.

Defendants' premise (although unsupported by authority), that a final judgment order entered without personal jurisdiction is void, is correct. See be2 LLC v. Ivanov, 642 F.3d 555, 557 (7th Cir. 2011) (explaining that "[w]hen a district court enters a default judgment without personal jurisdiction over the defendant, the judgment is void") (internal quotation omitted). Whether the court had personal jurisdiction over Lunsford when it entered the final judgment order against him turns on whether service was proper, because "[a] district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process." United States v. Ligas, 549 F.3d 497, 500 (7th Cir. 2008).[1] Defendant does not contest personal jurisdiction on any other basis, such as a lack of minimum contacts with the forum related to litigation-specific conduct. See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 800–02 (7th Cir. 2014) (explaining the other requirements of personal jurisdiction).

Rule 4(e) specifies acceptable methods of service. In relevant part, it states that an individual "may be served in a judicial district of the United States by…following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Plaintiff argues that service on Lunsford complied with Illinois law.

The court finds that plaintiff's service on Lunsford complied with Rule 4(e)(1) because it complied with Illinois law for the service of summons. According to the affidavit of the process

[1] This is yet another premise of defendants' argument that was not supported by citation to authority.

server, a copy of the summons and complaint was left at Lunsford's dwelling with his wife, a person of suitable age and discretion. Specifically, the process server stated that she first visited the dwelling looking for Lunsford and encountered an adult woman backing her vehicle out of the driveway. In a brief conversation through a rolled-down car window, the process server informed the woman that she had court documents for Lunsford. The woman said that Lunsford was not home, suggested that the process server try him at work, and drove away. The process server returned the next day to the same dwelling and observed children playing in the open garage. At the process server's request, one of the children went inside to get their mother. The woman who came out was the same woman that the process server had talked to in the driveway the day prior. The process server believed this woman to be Janessa Dube, Lunsford's wife. The process server informed Dube that she had court documents for Lunsford. Dube did not want to accept the documents. Instead, she told the process server that Lunsford was not home and clicked the button to close the garage door. The process server placed the summons and the complaint on the floor of the garage before the garage door closed.

The court agrees with plaintiff that the service described in the affidavit complies with Illinois law for service of process. Illinois law provides, in relevant part, that "service of summons upon an individual defendant shall be made…by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons." 735 ILCS 5/2-203. Here, the process server left a copy with Dube, Lunsford's wife, and informed her of the contents. Dube resides at the dwelling and is an adult. It is of no import that Dube would not accept a direct handoff of the documents. In Illinois, "no requirement exists that the process server physically place the papers in defendant's hand." Freund Equipment, Inc. v. Fox, 703

N.E.2d 542 (Ill. App. 2d 1998). "Illinois is a state that accepts the general method of placing the papers in the general vicinity of the person to be served and announcing the nature of the papers." Statia v. Orlet, 230 N.E.3d 139, 145–46 (Ill. App. 5th. 2023) (internal quotation and citation omitted). The process server placed the papers in the general vicinity of Dube and announced the nature of the papers, fulfilling the requirements of proper service under Illinois law.

Defendants attempt to contest the process server's account, but this attempt fails. Plaintiff made a prima facie showing of proper service when he produced "a return of service identifying the recipient and noting when and where service occurred, thereby providing enough detail so the opposing party knows what evidence he must rebut." Relational, LLC v. Hodges, 627 F.3d 668, 672 (7th Cir. 2010). Beyond the return of service, plaintiff also provided the process server's detailed affidavit describing the service. After a prima facie showing is made, the burden shifts to defendant "to rebut, by strong and convincing evidence, the presumption of service." Id. at 673; see also Sikhs for Just. v. Badal, 736 F.3d 743, 746 (7th Cir. 2013) (explaining that "a process server's affidavit of service is entitled to a presumption of correctness that can be overcome only by 'strong and convincing' evidence").

Defendants' single piece of evidence, which they characterize as a "sworn statement" from Dube (the "Dube statement"), fails to meet the burden for a few reasons. As an initial matter, defendants made the Dube statement available for the first time by attaching it to their reply, leaving no chance for plaintiff to substantively respond. See White v. United States, 8 F.4th 547, 552 (7th Cir. 2021).

In addition, the Dube statement fails to comply with 28 U.S.C. § 1746, the federal statute

governing sworn declarations. That statute provides, in relevant part, that wherever "any matter is required or permitted to be supported…by the sworn declaration…such matter may, with like force and effect, be supported…in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: (1) If executed without the United States: 'I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature).'" 28 U.S.C. § 1746. The Dube statement fails to comply with the statute in form, because it does not contain the statutorily required statement. And the Dube statement fails to comply with the statute in substance, because it contains no statement to the effect that the signer certifies the statement to be true at all, no less under the penalty of perjury.

There is a colorable argument that while § 1746 permits matters to be supported by declarations that follow its requirements, it does not categorically prohibit a court from considering declarations that fail to follow its requirements. See Reapers Hockey Ass'n, Inc. v. Amateur Hockey Ass'n Illinois, Inc., 412 F. Supp. 3d 941, 949 (N.D. Ill. 2019) (explaining that although §1746 says that "the matter *may* be supported (evidenced, established, etc.) by unsworn statements that meet" its requirements, there is "no rule that requires that I consider only sworn declarations, oaths, affidavits or the like").

The court need not wade into this statutory interpretation question, because even if the court did consider the Dube statement, it is not "strong and convincing evidence" that rebuts the presumption of service." Relational. LLC, 627 F.3d at 673. Because the Dube statement fails to certify the truth of its contents, it has almost no evidentiary value, regardless of the effect of § 1746. See Zavala-Alvarez v. Darbar Mgmt., Inc., 617 F. Supp. 3d 870, 886 (N.D. Ill. 2022) (explaining that "an unsworn statement that lacks a certification under penalty of perjury has no

evidentiary value (unless it is used *against* that person, like a statement of a party opponent). From an evidentiary standpoint, it's weightless"). Because this is defendants' only piece of evidence, defendants have fallen well short of offering strong and convincing evidence to rebut the presumption of service.

The sole basis supporting defendants' motion to vacate the final judgment order is that plaintiffs failed to properly serve Lunsford. Defendants have failed to meet their burden of proof on that point. Consequently, the motion to vacate is denied.

## CONCLUSION

For the above reasons, defendants' motion to vacate the order of final judgment (Doc. 20) is denied.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: October 27, 2026**